EDOK Criminal Complaint (Revised 6/13)

# United States District Court

## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CRIMINAL COMPLAINT** |
| *Plaintiff,* | |
| v. | Case No.  21-MJ-172-SPS |
| **CLIFTON MERRILL PARISH,** | |
| *Defendant.* | |

I, Special Agent Andrew Harris, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about April 5, 2010, in the Eastern District of Oklahoma, within Indian Country, defendant CLIFTON MERRILL PARISH committed the crime of Murder in Perpetration of Robbery, in Indian Country, in violation of Title 18, United States Code, Sections 1111(a), 1151, and 1153.

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

(See attached Affidavit of Special Agent Harris, which is attached hereto and made a part hereof by reference.)

☒     Continued on the attached sheet.

_____
Special Agent Andrew Harris
Complainant

Sworn to before me and subscribed in my presence at: MUSKOGEE, OKLAHOMA

Date: April 20, 2021

UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

_____
Signature of Judicial Officer



## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Andrew Harris, being duly sworn, depose and state that:

## INTRODUCTION

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been employed by the FBI since 2014. In my capacity as an FBI Special Agent, I have personally investigated or assisted in investigating criminal matters involving computer intrusion, fraud, money laundering, and related offenses. Based on my training and experience as an FBI Special Agent, I am familiar with the means and methods that criminals use to defraud victims. I have also become knowledgeable about the criminal statutes of the United States, particularly the statutes relating to computer intrusion (18 U.S.C. §1030), conspiracy (18 U.S.C. §371) and wire fraud (18 U.S.C. § 1343). I am authorized to obtain and execute federal arrest, search and seizure warrants. As a Special Agent with the FBI, I am a law enforcement officer of the United States as defined by 18 U.S.C. § 2510(7), meaning that I am empowered by law to conduct investigations of and to make arrests for violations of Federal law, including violations of the Major Crimes Act (MCA).

2.      The statements contained in this Affidavit are based in part on: information provided by other agencies, written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; independent investigation; and my experience, training, and background as a Special Agent with the FBI. Because this Affidavit is being submitted for the limited purpose of establishing probable cause to believe that CLIFTON MERRILL PARISH committed the below-described offense, I have not included every detail of the investigation. In addition, unless otherwise indicated, all statements contained in this Affidavit are summaries in substance and in part. The following is true to the best of my knowledge and

1

belief.

## **PROBABLE CAUSE**

3.      VENUE: The facts and circumstances alleged in this affidavit occurred in Messer, Oklahoma. The location is within the Eastern District of Oklahoma. The facts and circumstances occurred within the special maritime and territorial jurisdiction of the United States and in Indian Country, to wit the Choctaw Reservation.

4.      DEFENDANT: The defendant is CLIFTON MERRILL PARISH. For purposes of federal jurisdiction, defendant is an Indian and an enrolled member by blood of the Choctaw Nation.

5.      VICTIM: The victim is Robert Edward Strickland.

6.      OFFENSE: On or about April 5, 2010, PARISH planned and participated in a robbery and kidnapping of Strickland which caused Strickland's death.

7.      BACKGROUND:  On or about April 6, 2010, J.R. reported to the Hugo Police Department that Strickland was missing. J.R. lived with Strickland in Hugo, Oklahoma. Sometime in the early hours on the morning of April 5, 2010, Strickland left the residence driving a Ford Expedition after receiving a text message from Karrie McKeever. J.R. stated that Strickland had possession of a Ruger .22 caliber pistol when he left the residence.

8.      On April 7, 2010, McKeever was interviewed by Oklahoma State Bureau of Investigation (OSBI) Agent Chris Dill. McKeever stated that, in the early morning hours of April 5, 2010, CLIFTON MERRILL PARISH directed McKeever to text Strickland to lure Strickland to their location so they could rob him of money and drugs. When Strickland arrived, McKeever and Aaron Jacobs took Strickland's gun from his vehicle.  PARISH then emerged from a hiding spot and pulled Strickland from his vehicle.  PARISH and Jacobs then began to assault Strickland, striking him several times in the face and head to the point Strickland became unconscious. While

2

Strickland was unconscious, PARISH and Jacobs loaded Strickland into the Ford Expedition, which Jacobs then drove away.

9.     On April 8, 2010, Jacobs was interviewed by Agent Dill. Jacobs stated that during the early morning hours of April 5, 2010, Jacobs was present at the altercation with Strickland. Jacobs admitted to placing Strickland in the Ford Expedition and driving away from the crime scene. While driving, another altercation between Strickland and Jacobs occurred which resulted in Strickland being assaulted and shot with the pistol Jacobs had taken from Strickland at the crime scene. Jacobs stated Strickland eventually died of injuries sustained during the altercation and shooting.   Jacobs stated he subsequently abandoned Strickland's body and burned the Ford Expedition.

10.     On April 8, 2010, Natasha Cathey was interviewed by OSBI Agents Steven Carter and Dale Birchfield. Cathey stated that PARISH decided to have McKeever send a text message to have Strickland come to their location in order for them to rob Strickland. Jacobs and PARISH hid in the woods waiting for Strickland to arrive. Strickland arrived and McKeever got into the vehicle to get dope from Strickland. Jacobs and PARISH did not rob Strickland at that time and McKeever contacted Strickland again by text and advised Strickland that she left her keys in the car and asked him to return. Strickland returned and McKeever got into Strickland's vehicle. McKeever got a gun from Strickland's vehicle and exited the vehicle. McKeever gave the weapon to Jacobs. PARISH stepped out from the place he was hiding and pulled Strickland from the vehicle.

11.     PARISH and Jacobs began assaulting Strickland. PARISH removed money and drugs from Strickland's pocket. PARISH loaded Strickland into the rear compartment of Strickland's vehicle and Jacobs got into the back seat of the vehicle with the firearm and Cathey drove the vehicle north on highway 93 and east on Spencerville Road into Pushmataha County.

3

Jacobs eventually told Cathey to stop the vehicle. Jacobs got out of the vehicle and opened the rear door where Strickland was located. Strickland proceeded to run and Jacobs chased Strickland to stop him. Cathey stated she then heard a yell and a gun shot. Jacobs loaded Strickland back into the vehicle and Cathey drove them to Jacobs' father's house in Pushmataha County. In the coming days Jacobs told Cathey they had taken Strickland's vehicle to the "mountains" and burned it. Jacobs also indicated to Cathey that Strickland's body was near the vehicle.

12.     On April 7, 2010, PARISH was interviewed by OSBI Agent Carter. PARISH admitted that he had been present in Messer, Oklahoma with Jacobs, Cathey and McKeever. PARISH stated that when Strickland arrived, they became involved in an altercation in which PARISH hit Strickland in the face, knocking him to the ground. PARISH stated that Jacobs assisted Strickland into the back of Strickland's vehicle and drove away with him.

13.     On April 8, 2010, law enforcement authorities discovered an area considered to be a crime scene on county road N4305 in southern rural Pushmataha County. Apparent blood stains were present that were consistent with a violent altercation. The blood stains were in the road and a sizeable blood stain was present in the ditch beside the road. A .22 caliber Ruger pistol magazine was discovered by a passerby who turned the magazine over to the OSBI. Present at the scene during the crime scene investigation was what appeared to be a portion of a pistol grip. Also present at the scene were .22 caliber bullets and a spent .22 caliber shell casing. OSBI agents later discovered Strickland's body at a nearby location.

14.     On or about April 5, 2010, Strickland died from wounds suffered during the robbery and kidnapping.

## CONCLUSION

15.     Based on a review of those documents and based on my knowledge and experience with violent crimes in Indian country, I, as your Affiant have probable cause to believe CLIFTON

4

MERRILL PARISH, has committed the offense of Murder in Perpetration of Robbery, in Indian

country, in violation of Title 18 United States Code, Sections 1111(a), 1151, and 1153.

Respectfully Submitted,

Andrew B. Harris, Special Agent
Federal Bureau of Investigation

Sworn before me this 20th day of April 2021.

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF OKLAHOMA